IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SALIM HAJIANI,<br><br>Plaintiff,<br><br>v.<br><br>MINES ENTERPRISES, LLC<br>and MARK MINES,<br><br>Defendants. | CIVIL ACTION NO.<br>5:17-cv-00053-TES |

**ORDER GRANTING MOTION TO DISMISS**
_____

**FACTUAL BACKGROUND**

For approximately six months, Plaintiff worked for Defendant Mines Enterprises in Butts County, Georgia. [Doc. 8 at 3]. Plaintiff alleges that during that time Mines Enterprises discriminated against him on the basis of his religion. [*Id.*] Specifically, Plaintiff claims that he "was never promoted, he never received a pay raise, [and] at numerous occasions negative comments were made by the defendants toward Plaintiff's religious beliefs." [*Id.*] Plaintiff also claims that Mines Enterprises never gave him days off to conduct his religious activities, even though "Defendants readily gave other employees days off to perform their personal work." [*Id.* at 4]. During Plaintiff's employment, Mines Enterprises also allegedly forced Plaintiff to do other employees' work. [*Id.*]

1

At some point in March 2016, Mines Enterprises terminated Plaintiff's employment. [Doc. 8 at 4]. Plaintiff alleges Defendant Mines instructed managers to terminate him due to his religion. [*Id.* at 3]. Afterward, Defendants allegedly "made false and defamatory statements about Plaintiff to [his] prospective future employers," including statements that "Plaintiff is not a good employee, has attendance issue[s], and is not a hard working person." [*Id.* at 4]. As a result of these statements, Plaintiff allegedly was denied employment by other entities. [*Id.*]

### A. <u>Plaintiff's Original Complaint.</u>

Plaintiff filed the instant lawsuit on February 6, 2017, seeking damages for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), and for intentional infliction of emotional distress ("IIED") and invasion of privacy under Georgia law. [Doc. 1]. Plaintiff's Title VII claim rested on his assertions that Defendants subjected him to "unwarranted criticism," disparagement, threats, and harassment due to his religion and that Defendants failed to "eliminate a general and consistent pattern and practice of religious discrimination." [Doc. 1 at 3]. In support of his IIED claim, Plaintiff stated only that he was "subjected to extreme emotional distress by unreasonable conduct" and that he has "no means of relief for such damages under federal law." [*Id.*] Finally, Plaintiff's invasion of privacy claim was supported only by his conclusion that "Defendants invaded Plaintiffs [sic] privacy and hence are liable for damages under Georgia law." [*Id.* at 4].

### B. Plaintiff's First Amended Complaint.

On April 18, 2017, Plaintiff filed an Amended Complaint [Doc. 4], asserting the same causes of action as those in his original Complaint [Doc. 1] and making no material substantive changes to his alleged facts and claims. The Court reviewed the Amended Complaint [Doc. 4] as required by 28 U.S.C. § 1915(e) to determine if was frivolous or malicious or if it otherwise failed to state a claim upon which relief may be granted. [Doc. 7]. After enumerating the elements of each of Plaintiff's claims, the Court ultimately found that "Plaintiff's threadbare allegations are insufficient to state a claim upon which relief may be granted." [*Id.* at 5]. Specifically, the Court found the following deficiencies in Plaintiff's Amended Complaint [Doc. 4]:

> For instance, Plaintiff alleges he was subjected to discrimination based on his religion, but he fails to identify what his religion is. Plaintiff also fails to allege any facts describing when the alleged termination occurred, who made that decision, and how that decision was discriminatorily based on Plaintiff's religion. Additionally, Plaintiff fails to provide any factual basis whatsoever for the "pattern of discrimination and misconduct" that caused him extreme emotional distress, or what conduct resulted in defamation to character. Finally, Plaintiff fails to attach a copy of his EEOC charge, as required in a Title VII case, and thus Plaintiff fails to give Defendant fair notice of what his claims are and the grounds upon which they rest.

[Doc. 7 at 5-6].

Despite these deficiencies, the Court allowed Plaintiff to recast his Complaint and ordered him to do so within 21 days of the date of the Order. [Doc. 7]. The Court ordered Plaintiff to provide specific facts as to Defendants' alleged discrimination, intentional infliction of emotional distress, and defamation, and ordered him to attach a copy of his

3

EEOC charge to the recast complaint. [*Id.* at 6]. The Court also gave clear warning that Plaintiff's recast complaint must comply with the directives in the Order. [*Id.* at 7].

### C. **Plaintiff's Second Amended Complaint**.

In attempted compliance with the Court's Order [Doc. 7], Plaintiff filed his Second Amended Complaint [Doc. 8] on September 6, 2017. In it, Plaintiff re-alleges his Title VII, IIED, and defamation claims against both Defendants.

#### 1. Plaintiff's Title VII claims.

With regard to his Title VII claim, Plaintiff states that he belongs to the Muslim religion, that Defendant Mines made the decision to fire Plaintiff, and that Defendant Mines instructed managers to fire him because of his religion. [Doc. 8 at 3, 4]. Otherwise, Plaintiff's Second Amended Complaint states only that "Plaintiff belongs to a protected class," that he "was qualified for the job position," that he "suffered an adverse employment action when he was terminated," and that Defendant Mines "replaced Plaintiff with an individual who belonged to defendant mines [sic] religion." [*Id.* at 3].

Plaintiff also appears to allege that he suffered disparate treatment during his employment that is separate and distinct from the alleged discriminatory firing. Specifically, Plaintiff states that he "was never given any day off to conduct his religious activities" even though "Defendants readily gave other employees days off to perform their personal work." [*Id.* at 4]. Plaintiff also claims that Defendants promised him a pay raise which was never fulfilled, and Plaintiff was never promoted. [*Id.*] Defendants also

4

allegedly made "a lot of negative comments…solely because of Plaintiff's religious beliefs." [*Id.*] Finally, Plaintiff claims that he was "forced to do extra work of other employees." [*Id.*] Defendants allegedly treated no other employees in this way. [*Id.*]

      2.      <u>Plaintiff's IIED claim</u>.

Plaintiff's IIED claim now appears to rest on the alleged disparate treatment Plaintiff suffered during his employment rather than on his termination. Plaintiff states that "[d]uring his employment Plaintiff was discriminated [sic] because of his religion. This extreme and outrageous conduct of the defendants caused severe emotional distress to the Plaintiff." [Doc. 8 at 3]. Elsewhere in his Second Amended Complaint Plaintiff also states that "[d]uring his employment with defendants, Plaintiff was subjected to a pattern of discrimination and misconduct in the workplace based, in whole or in part, because of his religion." [*Id.* at 6]. Plaintiff asserts no other facts to support his claim.

      3.      <u>Plaintiff's defamation claim</u>.

In his Second Amended Complaint, Plaintiff claims that Defendants defamed him by falsely telling prospective employers that "Plaintiff is not a good employee, has attendance issue[s], and is not a hard working person." [*Id.* at 4]. Furthermore, Plaintiff allegedly "lost some employment opportunities" because of Defendants' false statements. [*Id.*]

**D.**    **<u>Defendants' Motion to Dismiss</u>.**

Defendants moved to dismiss Plaintiff's Second Amended Complaint on January

5

25, 2018, on the grounds that Plaintiff did not properly serve them with the Complaint and summons[1]; Plaintiff did not file suit within 90 days of receiving a right-to-sue letter from the EEOC[2]; Plaintiff's Complaint is frivolous or malicious; and Plaintiff fails to state claims for discrimination, IIED, and defamation. [Doc. 14-1 at 1-2]. For the reasons that follow, the Court **GRANTS** Defendants' Motion [Doc. 14].

### CONCLUSIONS OF LAW

**A.** **Standard of Review.**

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Pro se* pleadings, like the one at issue here, are "held to a less stringent standard than pleadings drafted by attorneys" and are therefore liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, to survive a motion to dismiss, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B.** **Plaintiff failed to comply with the Court's Order.**

As a preliminary matter, Plaintiff failed to comply with the Court's Order [Doc. 7]

---

[1] Defendants provide no indication of how they were improperly served. Instead, they state in their Brief [Doc. 14-1] that they "file this motion to dismiss while reserving the right to file an Answer at a later time asserting any affirmative defenses related to proper service and/or service of process." [Doc. 14-1 at 4].

[2] Defendants' Brief [Doc. 14-1] provides no argument for this contention.

instructing him to file a copy of his EEOC charge with his Second Amended Complaint. [Doc. 7 at 6]. The Court explicitly informed Plaintiff that his failure to recast his First Amended Complaint in accordance with the Order would result in the Court dismissing his claims with prejudice. [*Id.* at 7]. Because Plaintiff failed to comply with the Order, the Court hereby **DISMISSES** Plaintiff's Second Amended Complaint [Doc. 8]. However, even if Plaintiff filed his EEOC charge in compliance with the Court's Order, his Second Amended Complaint still fails to state a claim upon which relief may be granted. His individual claims are outlined below.

### C. <u>Plaintiff fails to state a claim for religious discrimination under Title VII of the Civil Rights Act</u>.

From the face of his Second Amended Complaint, Plaintiff appears to assert three different religious discrimination claims: discriminatory discharge based on his termination, disparate treatment based on Defendants' alleged negative comments and refusal to promote Plaintiff, and failure to accommodate based on Defendants' alleged refusal to allow Plaintiff time to conduct his religious practices. The Court considers each of these claims below.

#### 1. <u>Discriminatory Discharge</u>.

A plaintiff successfully asserts a claim for discriminatory discharge if he alleges facts showing that (1) he is a member of a protected class, (2) he was qualified for his job, (3) despite his qualifications, he was terminated, and (4) he was replaced by someone

7

outside his protected class. *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1185 (11th Cir. 1984).

As previously noted, a complaint must allege specific facts, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Having reviewed Plaintiff's Second Amended Complaint, the Court finds that Plaintiff pled sufficient facts to establish only the first element (he is Muslim) and third element (he was terminated sometime in March of 2016) of his discriminatory discharge claim. The remaining elements are supported only by Plaintiff's bare recitation of the elements of his claim.

As to the second element, Plaintiff's statement that he "was qualified for the job position" does not suffice; Plaintiff makes no allegations of fact as to what the job qualifications were or how he met them.

With regard to the fourth element of his claim, Plaintiff states that "Defendant [M]ines replaced Plaintiff with an individual who belonged to Defendant [M]ines['] religion." However, Plaintiff does not state who the person is that replaced him, what that person's religion is, or what Defendant Mines' religion is. Thus, Plaintiff fails to state a claim for discriminatory discharge under Title VII.

    2.    <u>Disparate Treatment</u>.

To sufficiently allege a disparate treatment claim under Title VII, a plaintiff must establish that (1) he is a member of a protected class, (2) he was qualified for his position,

(3) he suffered an adverse employment action, and (4) the defendants treated him less favorably than a similarly-situated employee outside his protected class. *Arafat v. School Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013). The fourth element requires the plaintiff to show that he and another employee were "similarly situated in 'all relevant respects.'" *Id.* (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam)). The other employee's conduct must also be "nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."

In his Second Amended Complaint, Plaintiff claims that he "was promised a raise in his pay but practically he never received any pay raise nor did he get any promotion," that the Defendants made "[a] lot of negative comments" to Plaintiff "solely because of Plaintiff's religious beliefs," and that "Plaintiff was forced to do extra work of other employees." Although these statements may be sufficient to show that Plaintiff was treated differently than other employees, Plaintiff still fails to allege how he was qualified for his job. He also fails to allege that other, non-Muslim employees were similarly situated to himself. Therefore, Plaintiff fails to state a claim for disparate treatment.

    3.    <u>Failure to Accommodate</u>.

To state a *prima facie* claim for failure to accommodate, a plaintiff must show that "(1) he had a bona fide religious belief that conflicted with an employment requirement; (2) he informed his employer of his belief; and (3) he was discharged for failing to comply

with the conflicting employment requirement." *Patterson v. Walgreen Co.*, ___ F. App'x ___, 2018 WL 1224391 at *2 (11th Cir. Mar. 9, 2018).

The only facts that Plaintiff alleges to support a failure-to-accommodate claim are that "Plaintiff was never given any day off to conduct religious activities," that Defendants "readily gave other employees days off to perform their personal work," and that "Plaintiff was scheduled in a manner which would make it difficult for him to perform his religious duties." [Doc. 8 at 4]. However, Plaintiff does not allege facts that would tend to show that his bona fide religious beliefs required days off from work, that Defendants knew about these beliefs, or that Defendants fired him because he chose to took time off to conduct his bona fide religious practices rather than going to work. Thus, Plaintiff does not state a prima facie failure-to-accommodate claim under Title VII.

### D. <u>Plaintiff fails to state an IIED claim under Georgia law.</u>

To state an IIED claim under Georgia law, Plaintiff must establish "(1) intentional or reckless conduct (2) that is extreme and outrageous and (3) causes emotional distress (4) that is severe." *Mears v. Gulfstream Aerospace Corp.*, 484 S.E.2d 659, 663 (Ga. Ct. App. 1997).

With regard to this claim, the Court clearly informed Plaintiff that his Second Amended Complaint "must include sufficient factual detail to indicate the presence of the required elements" of his claims. [Doc. 7 at 5]. Yet, Plaintiff afforded the Court with only with the following unsupported statement: "During his employment Plaintiff was

discriminated [sic] because of his religion. This extreme and outrageous conduct of the defendants caused severe emotional distress to the Plaintiff." [Doc. 8 at 3]. Moreover, the Court noted Plaintiff's failure "to provide any factual basis whatsoever for the 'pattern of discrimination and misconduct' that caused him extreme emotional distress" in his First Amended Complaint. [*Id.* at 6]. However, Plaintiff continues to allege a "pattern of discrimination and misconduct in the workplace based, in whole or in part, because of [Plaintiff's] religion" in his Second Amended Complaint without offering any facts to support such a statement, in direct contravention to the Court's clear instructions. [*Id.*] Plaintiff's IIED claim therefore rests solely on empty conclusions. Thus, Plaintiff's IIED claim is also **DISMISSED**.

### E. <u>Plaintiff fails to state a claim for defamation under Georgia law.</u>

The Court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, when a district court dismisses claims over which it has original jurisdiction, the court "has the discretion to decline to exercise jurisdiction over the [remaining] state law claims." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002); see also 28 U.S.C. § 1367(c)(3). Because the Court has dismissed Plaintiff's Title VII claims, the Court may, within its discretion, also dismiss Plaintiff's remaining state-

law defamation claim. Accordingly, Plaintiff's defamation claim is **DISMISSED without prejudice** so that Plaintiff may refile the claim in state court if he so chooses.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [Doc. 14] is **GRANTED**. Plaintiff's claims are **DISMISSED without prejudice**.

**SO ORDERED**, this 27th day of April, 2018.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**